FILED'06 MAY 09 10:28USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RODNEY L. SANER,

          Plaintiff,             Civil No. 05-11-TC

          v.                FINDINGS AND
                                 RECOMMENDATION

DESHUTES COUNTY SHERIFF       AND ORDER
DEPUTY MICHAEL MALLOY,
et al.,

          Defendants.

COFFIN, Magistrate Judge.

    Plaintiff's Motion for Leave to File First Amended Complaint (#39) is denied for the reasons set forth in the court's Order (#36) [denying plaintiff's previous motion to amend]. In addition an amended complaint is generally not permitted after the close of discovery and after a motion for summary judgment has been filed. Berger v. Edgewater Steel Co., 911 F.2d 911, 924 (3rd Cir. 1990), cert denied, 111 S.Ct.

1 - FINDINGS AND RECOMMENDATION

1310 (1991) (discovery); <u>Little v. Liquid Air Corp.</u>, 952 F.2d 841, 845-846 (5th Cir. 1992); <u>Kelsay v. State ov Minn.</u>, 565 F.2d 501, 507 (8th Cir. 1977); <u>U.S. v. Pend Oreille Public Utility Dist. No. 1</u>, 28 F.3d 1544, 1552 (9th Cir. 1994); <u>Jackson v. Bank of Hawaii</u>, 902 F.2d 1385, 1387-1388 (9th Cir. 1990); <u>Roberts v. Arizona Bd. of Regents</u>, 661 F.2d 796, 798 (9th Cir. 1981).

In this case, the twice extended discovery deadline has passed and defendants have filed a motion for summary judgment which is briefed and pending. Plaintiff's proposed amendment adds additional claims and defendants wholly unrelated to the claims in his complaint and would delay the final resolution of the claims currently before the court. Plaintiff acknowledges that he could raise his new claims in a separate proceeding. <u>See</u>, Plaintiff's Motion for Leave (#39) p. 5-6. Plaintiff's Motion to Amend (#39) is denied.

Plaintiff's Motion for Stay (#37) of the resolution of defendants' motion for summary judgment is denied as moot. Plaintiff has filed a response to defendants' motion.

Plaintiff's Motion to Strike (#65) is denied as moot. The record reflects that defendants have filed a corrected copy of the Affidavit of Christopher Bell, and a correct copy of the Memorandum in Support of Objections and Motion to Strike in support of Defendants' Objections and Motion to

2 - FINDINGS AND RECOMMENDATION

Strike (#52) filed February 13, 2006. <u>See</u>, Motion to Amend/Correct Record (#54) and Order (#55) granting Motion to Amend/Correct Record.

Defendants have filed a Motion to Strike and Objections (#52)objecting to and moving to strike portions of plaintiff's pleadings and various exhibits filed by plaintiff. Defendants' motion includes 54 specific objections based on rules of evidence. Defendants have also filed a Motion to Strike and Objections to Plaintiff's sur-reply (#70) on the ground that plaintiff's sur-reply includes documents (including exhibits 1-56) that are not properly before the court.

It is true that plaintiff has filed numerous documents that are inadmissible and that his pleadings include many statements that are irrelevant, immaterial or otherwise inadmissible. However, it is not necessary to address each of defendants' specific objections individually. Plaintiff is a pro se litigant and as such is to be afforded some leeway with regard to his pleadings. The court has reviewed the entire record in considering defendants' motion for summary judgment addressed below, and has relied only upon that evidence that is admissible and properly before the court. Therefore, defendants's Motions to Strike and Objections (#52) and (#70) are denied.

Plaintiff's Motion for Leave to File Sur-reply (#73) is allowed subject to the caveat set forth above (i.e. that the court will consider and rely upon only the matters that are material and admissible).

Plaintiff's Requests for Judicial Notice (#58) and (#74) are allowed to the extent that the court will consider any relevant legal authority cited by plaintiff and any exhibits that are proper and relevant.

Defendants' Motion for Leave to File Sur-reply (#72) is denied. The issues before the court are adequately briefed and it is not necessary for defendants to specifically respond to each of the matters alleged or argued by plaintiff.

Plaintiff's Objections and Motions to Strike (#61), (#62), (#64), (#65) and (#66) are denied.

Motion for Summary Judgment and to Dismiss (#33): Plaintiff's complaint alleges six claims for relief. Claims One through Three allege matters having to do with plaintiff's pre-arrest encounters with Deschutes County Deputy Sheriff Michael Malloy. Claims Four through Six allege constitutional violations by the moving defendants, arising out of plaintiff's incarceration in the Deschutes County Jail.

The relevant facts are as follows: Plaintiff was incarcerated at the Deschutes County Adult Jail (DCAJ) from July 29, 2004 until October 6, 2004, while awaiting charges

for attempted murder, unlawful use of a weapon, and stalking.

Plaintiff alleges that while he was incarcerated in DCAJ he complained of chest pain, shortness of breath and pain in his left arm and that defendants refused his requests for oxygen, medication and "other treatment." Plaintiff further alleges that he was eventually "transported to Saint Charles hospital in critical condition, due to heart failure."

Plaintiff alleges that defendants were deliberately indifferent to his "health and safety" in violation of the Eighth Amendment, violated his "5th and 14th Amendment" due process rights, and "infliction of emotional distress." Complaint (#2) p. 10.]

Defendants have not responded to plaintiff's factual allegations concerning the alleged denial of medical care. Defendants contend that plaintiff's claims are barred because he failed to exhaust administrative remedies regarding his claims as required by the Prison Litigation Reform Act.

The Prison Litigation Reform Act (PLRA) provides:  No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  42 U.S. C. § 1997e(a); Porter v. Nussle, 534U.S. 516, 531-32; Booth v. Churner, 532 U.S. 731 (2001);

see also, <u>Bennet v. King</u>, 293 F.3d 1096, 1098 (9th Cir. 2002);
<u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir. 2002).

The conduct giving rise to plaintiff's claims against
the moving defendants allegedly occurred while plaintiff was
incarcerated at DCAJ. The evidence of record establishes that
inmate grievance procedures existed and were in effect while
plaintiff was incarcerated at DCAJ. The grievance procedures
were codified as part of jail policy and describe in detail
how inmates could file grievances for problems experienced
while housed at DCAJ. <u>See</u>, Defendants' Concise Statement of
Facts (#35), Affidavit of Ruth Jenkins. There is no record
of any grievance filed by plaintiff during his incarceration
at DCAJ. <u>Id</u>.

Plaintiff's reliance on <u>Ngo v. Woodford</u>, 403 F.3d 620 (9th
Cir. 2005) is misplaced. In <u>Ngo</u> the plaintiff filed a
grievance but did not pursue it to all levels after the appeal
of his grievance was rejected as untimely. In this case, it
is undisputed that plaintiff did not file any grievance as to
any of his complaints. Accordingly, <u>Ngo</u> is distinguishable
and plaintiff's "procedural default" argument is not
persuasive.

It is undisputed a grievance system was available to
plaintiff and that plaintiff did not file any grievance as to
any claim. Therefore, any factual dispute as to defendants'

6 - FINDINGS AND RECOMMENDATION

conduct is irrelevant.

Plaintiff's failure to exhaust administrative remedies is dispositive  of all his claims.  Therefore, it is not necessary to address defendants' other arguments.

Defendants' motion for Summary Judgment (#33) should be allowed.  Plaintiff's claims against defendants Deschutes County Sheriff Corrections Health Services, Deputy Molen, Deputy Bishop, Deputy Bailey, Deputy Lucas, Marcia Stone and Sgt. Terese Jones (contained in Claims One through Three) should be denied and dismissed with prejudice.

DATED this _8th_ day of May, 2006.

_____
Thomas M. Coffin
United States Magistrate Judge